UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN

WILLIAM SHORTER,
        Plaintiff,
-vs.-                                           **DEMAND FOR JURY TRIAL**


FMS INVESTMENT CORP,
a Maryland corporation,
        Defendant.
_____

# COMPLAINT & JURY DEMAND

Plaintiff, William Shorter through counsel, Nitzkin and Associates, by Gary Nitzkin

states the following claims for relief:

# JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15

    U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2. This court may exercise supplemental jurisdiction over the related state law claims

    arising out of the same nucleus of operative facts which give rise to the Federal law

    claims.

# PARTIES

3. The Defendant to this lawsuit is FMS Investment Corp. which is a Maryland company

    that maintains registered offices in Oakland County.

## VENUE

4. The transactions and occurrences which give rise to this action occurred in Wayne County.

5. Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect on a consumer type debt allegedly owed by Plaintiff for a student loan.

7. Defendant first starting calling Plaintiff at his place of employment sometime in December 2011. At that time, Plaintiff directed Defendant to stop calling him at work.

8. Defendant has since continued to call Plaintiff at his place of work more than a dozen times.

9. During December 2011, Defendant left messages on Plaintiff's supervisor's phone.

10. In these messages, Defendant said that they are a debt collector.

11. Sometime in November 2011, Defendant called Plaintiff's mother's house and told her that Plaintiff owes an alleged debt.

12. Sometime in December 2011, Defendant called the corporate hotline of Plaintiff's employment that goes to the CEO and President of the company.

13. Defendant left messages indicating that it is a debt collector.

14. On or about March 13, 2012 when client was in a meeting, Defendant called Plaintiff's wife and told her that they are going to garnish Plaintiff's wages.

15. Defendant tried to get Plaintiff's wife to give them his bank account information, however, she refused.

2

16. Defendant last called Plaintiff at work on or about March 14, 2012.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

17. Plaintiff reincorporates the preceding allegations by reference.

18. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

19. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

20. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

21. Defendant's foregoing acts in attempting to collect this alleged debt violated 15 U.S.C. §1692 et. seq;

22. The Plaintiff has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

23. Plaintiff incorporates the preceding allegations by reference.

24.  Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

25. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

26. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §339.915

3

27. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

28. These violations of the Michigan Occupational Code were willful.

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

29. Plaintiff incorporates the preceding allegations by reference.

30. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

31. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

32. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §445.252

33. Plaintiff has suffered damages as a result of these violations of the MCPA.

34. These violations of the MCPA were willful.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

## DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the defendant:

a. Actual damages.

4

b.  Statutory damages.

c.  Treble damages.

d.  Statutory costs and attorney fees.

Respectfully submitted,

March 26, 2012

/s/ Gary Nitzkin
GARY D. NITZKIN  P41155
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@micreditlawyer.com

5